**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| SALLY WALSH,<br><br>      Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>      Defendants. | Case No. 1:25-cv-00122<br><br>**Judge Jeremy C. Daniel**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff SALLY WALSH ("Walsh" or "Plaintiff") against the defendant identified on [Amended] Schedule A, and using the Online Marketplace Account identified on [Amended] Schedule A ( the "Defendant Internet Store"), and Walsh having moved for entry of Default and Default Judgment against the defendant identified on [Amended] Schedule A attached hereto ( "Defaulting Defendant");

Walsh having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendant received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording it the opportunity to answer and present its objections; and

The Defaulting Defendant having not answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendant because

Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Walsh has provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, and has sold products using infringing versions of Walsh's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-377-711 (the "Sally Walsh Work") to residents of Illinois.

This Court further finds that Defaulting Defendant is liable for willful copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Walsh's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default, and that this Default Final Judgment is entered against Defaulting Defendant.

This Court further orders that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

   a. using the Sally Walsh Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Walsh product or not authorized by Walsh to be sold in connection with the Sally Walsh Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Walsh product or any other product produced by Walsh, that is not Walsh's or not

produced under the authorization, control, or supervision of Walsh and approved by Walsh for sale under the Sally Walsh Work;

c.  committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of Walsh, or are sponsored by, approved by, or otherwise connected with Walsh; and

d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Walsh, nor authorized by Walsh to be sold or offered for sale, and which bear any of Walsh's registered copyrights, including the Sally Walsh Work, or any reproductions, infringing copies or colorable imitations.

2.  Defaulting Defendant and any third party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with the Defaulting Defendant's Defendant Internet Store, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") (the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell infringing goods using the Sally Walsh Work; and

b.  operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Sally Walsh Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine

3

Walsh product or not authorized by Walsh to be sold in connection with the Sally Walsh Work.

3. Upon Walsh's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of infringing goods using the Sally Walsh Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Walsh is awarded statutory damages from the Defaulting Defendant in the amount of fifty thousand dollars ($50,000) for willful use of the infringing Sally Walsh Work on products sold through at least the Defendant Internet Store.

5. Any Third Party Providers holding funds for Defaulting Defendant, including Amazon, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Store from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendant's assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as Amazon, are hereby released to Walsh as partial payment of the above-identified damages, and Third Party Providers, including Amazon, are ordered to release to Walsh the amounts from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Walsh has recovered full payment of monies owed to Plaintiff by the Defaulting Defendant, Walsh shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.      In the event that Walsh identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Walsh may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at any e-mail addresses provided for Defaulting Defendant by third parties.

This is a Default Final Judgment.

Dated: February 18, 2025

_____

Jeremy C. Daniel
United States District Judge

**[Amended] Schedule A**

| No. | Defendant |
|---|---|
| 1 | hanyongjie25 |